# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                           )
                           )
                           )
          v.                  )  **Criminal No. 07-207 (RJL)**
                           )
RUSSELL CARLTON PALMER,    )
                           )
      Defendant.        )

**FILED**

DEC 04 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(December _3_, 2014)

I denied Defendant Russell Palmer's motion for a sentence reduction on August 23, 2013. Mem. Order [Dkt. #37]. Mr. Palmer, acting *pro se*, mailed his Notice of Appeal on September 10, 2013. Notice of Appeal [Dkt. #38]. This was outside of the fourteen day period in which a criminal defendant is entitled to file an appeal. Fed. R. App. P. 4(b)(1)(A). However, a district court may extend the time period in which to file an appeal for thirty days "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4). After the government argued that Mr. Palmer's appeal was untimely, our Circuit Court remanded to me "for a determination whether the appeal period should be extended under Rule 4(b)(4)." Order [Dkt. #40].

On September 8th, I ordered each of the parties to submit a "brief addressing whether there is good cause to extend the appeal period under Fed. R. App. P. 4(b)(4)." Order [Dkt. #41]. Both parties received an extension until November 5, 2014. Order [Dkt. #45]. The government filed its brief on November 4, 2014. Govt.'s Resp. to the

1

Court's Sept. 8, 2014 Order [Dkt. #44]. To date, Mr. Palmer has not submitted a brief addressing whether there is good cause to extend the appeal period.

"The time limits specified in the rules serve vital interests of efficiency and finality in the administration of justice, and are not designed merely to ensnare hapless litigants." *United States v. Long*, 905 F.2d 1572, 1574-75 (D.C. Cir. 1990). The party seeking the extension must demonstrate excusable neglect or good cause. *Id.* at 1574 (explaining that a showing of excusable neglect "is a prerequisite for obtaining the thirty-day extension contemplated by rule 4(b)"). Although given ample opportunity, Mr. Palmer has offered no reason for the delay, or made any other showing of excusable neglect or good cause for an extension. Accordingly, I find that Mr. Palmer is not entitled to the thirty-day extension described in Rule 4(b).

RICHARD J. LEON
United States District Judge